Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiffs,
ROY WISEMAN and
MARITES WISEMAN

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY WISEMAN and MARITES WISEMAN, as individuals, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Breach of Express Warranty<br>2. Breach of Implied Warranty<br>3. Breach of Warranty (Song-Beverly Consumer Warranty Act), Civil Code § 1790, *et seq.*<br>4. Breach of Warranty (Magnuson-Moss Warranty Act), 15 U. S. C. § 2301 *et seq.*<br>5. Breach of Contract<br>6. Common Law Fraud<br>7. Intentional Misrepresentation<br>8. Negligent Misrepresentation<br>9. Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*<br>10. Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*<br>11. Quasi Contract/Restitution/Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

NOW COME Plaintiffs, ROY WISEMAN and MARITES WISEMAN as individuals, on behalf of themselves, all others similarly situated, and the general public, by and through Plaintiffs' attorneys, with the Class Action Complaint against Defendants, TESLA, INC. (hereinafter "Tesla" or "Defendant"), a Delaware Corporation, and DOES 1 through 100, inclusive, alleges and affirmatively states as follows:

# INTRODUCTION

1.   Plaintiffs bring this action on behalf of themselves, and all other similarly situated persons residing in California and/or the United States who purchased 2012-2017 Tesla Model S and 2016-2017 Tesla Model X electric vehicles sold by Defendants, TESLA, INC., a Delaware Corporation ("Tesla") and DOES 1 through 100 ("Class Vehicles" or "Class Products").

2.   Tesla is one of the few auto manufacturers in the United States that designs, manufactures, markets, distributes, and sells exclusively fully electric vehicles.

3.   Since 2012, Defendants Tesla and DOES 1 through 100 collectively, designed, manufactured, distributed, marketed, and sold Tesla Model S and, later, Tesla Model X vehicles in the United States and in the State of California.

4.   Both Tesla Model S and Tesla Model X vehicles are equipped with either one or two electric motors to move the vehicle. The electric motors use the electricity of the vehicle's lithium-ion battery packs to rotate either the rear wheels or all four wheels of the vehicle, depending on the specific equipment of the vehicle.

5.   When the driver presses the accelerator pedal, the electric energy transfers from the lithium-ion battery packs to the electric motor(s), moving the vehicle.

6.   When the driver releases the accelerator pedal while the vehicle is moving, the electric motor(s) of Tesla vehicles begin to act as power generators, which turn the vehicle's kinetic energy into electricity and recharge the onboard lithium-ion batteries.

7.   Thus, in contrast to gasoline-powered vehicles, which generally coast when the

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

driver releases the accelerator pedal, Tesla vehicles begin to rapidly decelerate as a result of power regeneration. Tesla calls this process "regenerative braking."

8.  Unlike almost every other passenger vehicle with regenerative braking, Tesla vehicles activate regenerative braking when the driver lets off the accelerator pedal. Other vehicles, like the Toyota Prius, only activate regenerative braking when the driver presses the brake pedal, retaining the ability to coast.

9.  In a blog post available on Tesla's official website, Tesla's then Vice President, Worldwide Sales and Ownership Experience, George Blankenship, highlights the advantages of regenerative braking: "One of the engineering advantages that make an EV [Electric Vehicle] better than any gas-powered car is regenerative braking. When you take your foot off the Model S accelerator, energy is fed back into the battery, which causes the car to slow down (a similar feel to downshifting with a manual transmission)." [1]

10.  One of Tesla's firmware engineers, Greg Solberg, also explains regenerative braking in a blog post: "In a battery-powered electric vehicle, regenerative braking (also called regen) is the conversion of the vehicle's kinetic energy into chemical energy stored in the battery, where it can be used later to drive the vehicle. It is braking because it also serves to slow the vehicle. It is regenerative because the energy is recaptured in the battery where it can be used again." [2]

11.  The regenerative braking systems used in both the Model S and Model X create a substantial risk for the vehicles to lose control in snowy conditions. The vehicle's automatic regenerative braking system makes the vehicles unable to coast, and risk losing control on icy roads due to the mandatory braking the vehicle imposes on the driver.

12.  Sharp, sudden, and excessive braking or downshifting is widely discouraged on icy or snowy roads because braking can cause vehicles to shift their weight and become

---

[1] George Blankenship, *The Countdown is on… It's time to deliver Model S!*, TESLA BLOG (May 22, 2012), https://www.tesla.com/blog/countdown-is-on.

[2] Greg Solberg, *The Magic of Tesla Roadster Regenerative Braking*, TELSA BLOG (June 29, 2007), https://www.tesla.com/blog/magic-tesla-roadster-regenerative-braking.

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

unbalanced. This shift in weight is usually not a problem on dry roads, but can cause vehicles to lose control in icy or snowy conditions. [3]

13.    Tesla is and has been aware of these risks since at least 2007. In the same blog from above, available on Tesla's official website, Mr. Solberg provides several critical details and representations about the regenerative braking:

Safety: Negative torque applied to the rear wheels can cause a car to become unstable. Since regen braking is a source of negative torque, the Tesla Roadster uses the traction control system to limit regen if the rear wheels start to slip. I was part of the team that developed and verified this safety feature on a frozen lake in Arvidsjaur, Sweden.

Performance: Regenerative braking can enhance the driving experience in ways not available with a traditional internal combustion engine (ICE). Driving with regen is fun! Having that instant positive and negative torque command right at your toes really make you feel in control.

Limitations: Regenerative braking is necessarily limited when the batteries are fully charged. Because the additional charge from regenerative braking would cause the voltage of a full battery to rise above a safe level, our motor controller will limit regen torque in this case.

14.    Although the above blog post on Tesla's website, dated June 29, 2007, claims that Tesla has "developed and verified [a] safety feature" called "regen control" to limit the regenerative braking if the vehicle's rear wheels start to slip, ten years later Tesla vehicles still suffer from losing stability when the regenerative braking is engaged in snow or ice.

15.    Additionally, Tesla's regenerative braking limitations also mean that the system can turn on unexpectedly in dangerous conditions. As pointed out above, regenerative braking does not function when the vehicle's battery is too full. This means that the vehicle will not use regenerative braking until the battery is sufficiently drained.

16.    Based on information and belief, regenerative system can be enabled or disabled through software alone.

17.    Tesla claims on its website, "Tesla vehicles regularly receives [sic] over-the-air software updates that add new features and functionality. When an update is available,

---

[3] *Winter Driving Tips: How to Drive in Snow*, LES SCHWAB, https://www.lesschwab.com/learn/article/winter-driving-tips-how-to-drive-in-snow (last visited June 22, 2017) ("Avoid sudden stops, abrupt downward gear shifts and quick direction changes. Brake gently to avoid skidding or sliding.").

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

you'll be notified on the center display with an option to install immediately, or schedule the installation for a later time. Connect your vehicle to your home's Wi-Fi network for the fastest possible download time." According to Tesla, "All Tesla vehicles with Enhanced Autopilot and the latest software update now have improved capabilities, including: Autosteer up to 90 miles per hour, Auto Lane Change, Summon (Beta), Lane Departure Warning and Automatic Emergency Braking." Thus, Tesla represents to its customers that they can rely on Tesla to resolve any issues in their vehicles and improve their safety and reliability through the over-the-air software updates. Despite making such a representation to the consumers, Tesla failed to correct the loss of stability caused by regenerative braking through its over-the-air software update system.

## PARTIES

18.   Plaintiffs, ROY WISEMAN and MARITES WISEMAN (hereinafter "Wisemans" or "Plaintiffs"), are and were at all times relevant herein individuals residing in Los Angeles County, California. The Wisemans purchased a Tesla Model X 75D vehicle bearing VIN 5YJXCAE20GF015292, which was manufactured, sold or otherwise delivered to the Wisemans by Tesla.

19.   Plaintiffs appear in this action on behalf of themselves, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in their capacity as a private attorneys general.

20.   Defendant, TESLA, INC. ("Tesla") is a Delaware Corporation, which is licensed to do business, and is doing business throughout the United States, with its principal place of business located at 3500 Deer Creek Road, Palo Alto, CA 94304. Tesla transacts business in Los Angeles County, California, and at all relevant times developed, promoted, marketed, distributed, and/or sold the Class Products, throughout the United States, including California. Defendant Tesla has significant contacts with the State of California by transacting business in this state.

21.    Plaintiffs are informed and believe, and based thereon allege that Defendants DOES 1 through 100 are individuals, corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

22.    Plaintiffs are unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiffs are informed and believe that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

23.    Plaintiffs are informed, believe, and based thereon allege that at all relevant times, each Defendant was a developer, producer, distributor and seller of Class Products, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe, and based thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about said defective regenerative braking system, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Tesla and DOES 1 through 100.

24.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

25.   Plaintiffs make the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading, and Plaintiffs reserve all of Plaintiffs' rights to plead in the alternative.

## JURISDICTION AND VENUE

26.   This is a class action lawsuit.

27.   On information and belief, aggregate claims of individual Putative Class Members exceed $5,000,000.00, exclusive of interest and costs.

28.   Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, subd. (d).

29.   Tesla and DOES 1 through 100 developed, designed, manufactured, distributed, and sold the Class Products, placing them in the stream of commerce and maintaining sufficient contacts in the Central District of California such that jurisdiction over the person is proper.

30.   Defendants are deemed to reside in this district pursuant to 28 U.S.C. § 1391.

31.   Venue is proper in this District under 28 U.S.C. § 1391 subd. (a).

## FACTUAL ALLEGATIONS AS TO PLAINTIFFS WISEMANS

32.   On September 23, 2016, Wisemans entered into a valid contract, paid adequate consideration and purchased a new 2016 Tesla Model X bearing VIN 5YJXCAE20GF015292 (the "Subject Vehicle") directly from Tesla Motors, Inc. (the former name of Defendant Tesla, Inc.).

33.   Plaintiffs purchased the Subject Vehicle while reasonably believing that the Subject Vehicle was equipped with a non-defective regenerative braking system that was aided by a tested and validated regen control that would eliminate the loss of stability created by the regenerative braking system. Plaintiffs' belief was based on reasonable reliance on Defendant's representations about the regenerative braking system and the regen control system on Tesla vehicles.

34.   Had there been an adequate disclosure that Class Products contained a flawed

-7-

regen control system and/or a flawed regenerative braking system, Plaintiffs' would have learned about it and would not have purchased the Subject Vehicle.

35. Furthermore, Plaintiffs relied on Tesla's representations about its over-the-air update system. Based on Tesla's representations, it was Plaintiffs' understanding that Tesla would correct any issues or defects in the Subject Vehicle through the over-the-air update system, as opposed to physical presentation of the Subject Vehicle to Tesla. Plaintiffs always accepted the over-the-air software updates provided by Tesla. Even though Tesla had exclusive knowledge of the flawed regenerative braking system, prone to causing loss of stability, and was aware that consumers such as Plaintiffs were relying on the over-the-air update system, Tesla failed to correct the issue on the Subject Vehicle through the over-the-air update system.

36. On April 7, 2017, at approximately 9:15 pm, Plaintiff Roy A. Wiseman was traveling on State Route 36 East, between Martin, CA and Chester, CA. As Plaintiff reached higher elevation, it began to snow. Plaintiff slowed down the Subject Vehicle for safety purposes. At or about 9:30 pm, Plaintiff reached a location where the road was curving to the right. Deciding to slow down even more to accommodate the curve in the snowy conditions, Plaintiff removed his foot slightly off accelerator of the Subject Vehicle. As Plaintiff released the accelerator, the regenerative braking system kicked in and applied negative torque to the wheels of the Subject Vehicle. In an instant, Plaintiffs' vehicle slid off the road, heading down the mountainside, crashing into trees and branches. Plaintiff and his passenger remained in the Subject Vehicle stranded in the snow for more than an hour waiting and seeking help. The Subject Vehicle was severely damaged.

37. Had Plaintiffs known that the regenerative braking system and/or the regen control system of the Subject Vehicle was flawed they would not have purchased the Subject Vehicle, would not have used the Subject Vehicle in winters and would have paid substantially less for the Subject Vehicle, or would have purchased another luxury SUV from Tesla's competitors.

38. Plaintiffs discovered the defect in the regenerative braking system on the Class

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

Vehicles when Plaintiff Roy Wiseman was involved in an accident due to defects in the regenerative braking and regen control systems. Plaintiffs notified Tesla within a reasonable time after the accident that the product did not have the expected quality and contained the defects as alleged herein. Tesla has failed and refused to take any action to date.

## ALLEGATIONS COMMON TO PLAINTIFFS AND CLASS MEMBERS

39.   Tesla develops, distributes, markets, advertises, and sells Tesla branded Class Vehicles in the United States.

40.   As opposed to other vehicle manufacturers that operate through independent dealerships, Tesla has a chain of Tesla stores throughout the United States through which it markets, advertises, and sells Tesla branded goods. Said authorized stores are owned by Tesla.

41.   Through the years, Tesla developed, distributed, marketed, advertised, and sold certain Tesla Model S and Tesla Model X vehicles with the defective regenerative braking system ("Class Products" or "Class Vehicles").

42.   The loss of stability caused by the defective regenerative braking system occurs on all Class Vehicles, but can vary to some degree from one vehicle to another.

43.   The Class Products are and always have been defective, including during Tesla's express warranty coverage period.

44.   Defendant Tesla, as the designer, manufacturer, distributor, and seller of Class Products, had exclusive knowledge about the unsafe nature of regenerative braking.

45.   Since or before 2007, Defendant Tesla, thus, knew about the unsafe nature of regenerative braking before Plaintiffs and putative class members purchased the Class Products.

46.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiffs and others similarly situated.

47.   Even though Tesla knew that the regen control stability system was not able to adequately stabilize the vehicle, it distributed and marketed the Class Products without disclosing said flaw in Class Products to Plaintiffs and the Class Members.

48.   Even worse, Tesla intentionally marketed the Class Products as equipped with a tested and validated regen control system with an intent to deceive consumers into believing that the Class Vehicles were safe and stable when the regenerative braking was used.

49.   At all times relevant herein, Tesla continually represented that the Class Vehicles were equipped with a tested and validated regen control system in various places on its official Tesla website, on product inserts, brochures, and manuals.

50.   Further, Tesla actively concealed the fact that Class Products lacked an effective regen control system by not documenting consumer complaints about the loss of stability while the regenerative braking was operational, by blaming the drivers of Class Products for loss of stability, and by continually misrepresenting that the regen control eliminated any possibility of the loss of stability.

51.   Tesla had a duty to disclose the loss of stability of vehicles due to regenerative braking, because it had exclusive knowledge about the flaws of the regen control system from sources not reasonably discoverable by Plaintiff and the putative class members; because Tesla actively concealed the flaw in the regen control system; and because Tesla affirmatively misrepresented to Plaintiffs and putative class members that it had developed safety features composed of the regen control system which eliminate the loss of stability, and made some disclosures about the possibility of loss of stability due to negative torque, but represented that it was eliminated by a validated regen control system.

52.   Tesla also promoted its over-the-air software update capability on its website and in other media, representing that Tesla vehicle owners would be able to install software updates that add new features and functionality, including fixing problems and defects in the Class Vehicles. Thus, Tesla warranted to Plaintiffs and putative class members that they can rely on Tesla to resolve any issues in their vehicles and improve their safety and

-10-

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

reliability through the over-the-air software updates. Plaintiffs and the putative class members continuously accepted the over-the-air software updates provided by Tesla. Despite making such a representation to Plaintiffs and the putative class members, Tesla failed to correct the loss of stability caused by regenerative braking through its over-the-air software update system.

53.    Based on reasonable information and belief, Tesla has the ability to update and correct its defective regenerative braking system through the over-the-air software updates, since Tesla can turn off the regenerative braking system when the battery is full.

54.    Plaintiffs and the putative class members reasonably relied on said misrepresentations and the fraudulent concealment of the fact that the regenerative braking was still dangerous in winter driving conditions.

55.    The fact that the regenerative braking is dangerous in winter driving conditions is material because it is related to the safety of the Class Vehicles and because reasonable consumers would have either not purchased Tesla vehicles or would have paid less for them, had they known about the defect in the regenerative braking system.

56.    Plaintiffs and the putative class members suffered economic damage because they were deprived of the benefit of their bargain since they would not have purchased the Class Vehicles had they known about the safety flaw in these vehicles and would have purchased electric vehicles of Tesla's competitors, such as Chevrolet Bolt or Nissan Leaf, which use regenerative braking in such manner that it does not interfere with the vehicle's stability or safety, or Tesla's competitors in the luxury SUV market, such as Range Rover, BMW X5, or Mercedes M Class, which are more stable in winter conditions.

57.    Plaintiffs are informed and believe and thereon allege that Defendants' practice of representing that the regen control effectively eliminates the safety issues of regenerative braking, and failure to adequately disclose that the regen control has safety flaws impacts the competition between Tesla and other electric vehicle manufacturers equipped with regenerative braking. This practice gives Tesla a competitive advantage over other businesses operating in the same market. It is important to note that majority of

Tesla's first-time buyers are also first-time electric vehicle buyers, and thus Tesla competes not only with other electric vehicle manufacturers, but also with gas powered luxury vehicle manufacturers.

58.   The Tesla Model S and Model X vehicles, thus, are not the same quality as those generally accepted in the trade of vehicles, are of poor or below average quality within the description of mass-production vehicles and/or did not conform to the affirmations of fact made by Tesla in its labeling of Class Products.

59.   Plaintiffs and the putative class members suffered economic harm because the Tesla Model S and Model X vehicles they purchased are unmerchantable and are worth less than what they paid/pay for them.

60.   Plaintiffs and the putative class members suffered economic harm because they bargained for and paid for Tesla Model S and Model X vehicles that were meant to safely use the regenerative braking feature, however they received Tesla Model S and Model X vehicles that contain safety flaws.

61.   Tesla continues its unfair, fraudulent and unlawful practice as alleged herein. Plaintiffs and the Class Members will never know whether the next Tesla they are purchasing will use the regenerative braking safely or not.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

62.   This action seeks financial compensation for members of the Class in connection with their purchase of the Tesla Model S and Model X vehicles. Plaintiffs do not seek: (i) damages for personal, bodily, or emotional injury or wrongful death; or (ii) damages for becoming subject to liability or legal proceedings by others.

63.   This action has been brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other applicable law by Plaintiffs on behalf of themselves and a Class as defined as follows:

(1)   *National Class*: The Class that Plaintiffs seek to represent ("National Class") consists of all persons and entities within the United States who

purchased or will purchase a Tesla Model S and/or a Tesla Model X vehicle, on or after Defendant placed the Tesla Model S and Model X vehicles into the stream of commerce. Excluded from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(2) *California Subclass*: The Class that Plaintiffs seek to represent ("California Subclass") consists of all persons and entities who purchased or will purchase a Tesla Model S and/or a Tesla Model X vehicle in California, on or after the date Defendant placed the Tesla Model S and Model X vehicles into the stream of commerce. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

64.    There is a well-defined community of interest in the litigation, and the proposed class is ascertainable:

a.    *Common Questions Predominate*: Common questions of law and fact exist as to all class members, and predominate over any questions that effect only individual members of the class, if there are any individual questions. The common questions of law and fact include, but are not limited to:

1) Whether the Tesla Model S and Model X vehicles were of poor or inferior quality compared with other similar products;

2) Whether Defendants knew of the safety flaws in Tesla Model S and Model X vehicles;

3) Whether Defendants violated California consumer protection statutes;

-13-

4)    Whether Defendants breached their express warranties;

5)    Whether Defendants breached their implied warranties;

6)    Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers, by either failing to disclose the existence of safety flaws in Tesla Model S and Model X vehicles or misrepresenting that the Tesla Model S and Model X vehicles were equipped with tested and validated regen braking that eliminates the risk of loss of stability;

7)    Whether Defendants failed to adequately disclose the safety flaws in Tesla Model S and Model X vehicles;

8)    Whether the representations about regenerative braking and regen control of Tesla Model S and Model X vehicles were deceptive;

9)    The nature and extent of Defendants' implied warranty of merchantability for Tesla Model S and Model X vehicles;

10)    Whether the nondisclosure of safety flaws in Tesla Model S and Tesla Model X vehicles is an unlawful, unfair and/or "fraudulent" business act or practice within the meaning of the Business and Professions Code §§ 17200 et seq.;

11)    Whether Defendants had a duty to Plaintiffs and the Class to disclose the safety flaws in Tesla Model S and Model X vehicles;

12)    Whether Defendants knew or reasonably should have known about the safety flaws in Tesla Model S and Model X vehicles.

b.    *Typicality*: Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and the class members sustained the same types of damages and losses.

c.    *Numerosity and Ascertainability*: The classes are so numerous, thousands of persons, that individual joinder of all class members is impractical under the circumstances. The class members are ascertainable by, among other things, sales records and by responses to methods of class notice permitted by law.

d.    *Adequacy*: Plaintiffs are members of the Class and will fairly and

-14-

adequately protect the interests of the members of the class. The interests of the Plaintiffs are coincident with, and not antagonistic to, those other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel, who are competent and experienced in handling complex and class action litigation on behalf of consumers.

e.   *Superiority and Substantial Benefit*: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## TOLLING OF STATUTE OF LIMITATIONS

65.   Any applicable statutes of limitation have been equitably tolled by Tesla's affirmative acts of fraudulent concealment, suppression and denial of the true facts regarding the existence of the safety features and safety flaws as alleged herein.  Such acts of fraudulent concealment include, but are not limited to intentionally covering up and refusing to publically disclose that Tesla Model S and Model X vehicles have safety flaws. Through such acts of fraudulent concealment, Tesla was able to actively conceal from the public for years the truth about the defects in the Class Vehicles' regenerative braking

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

system and regen control, thereby tolling the running of any applicable statute of limitations.

66.    Defendants are estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein, concerning the lack of safety flaws and existence of effective safety features in Tesla Model S and Model X vehicles, Defendants were, at all times aware of the safety flaws as described herein but at all times continued to sell and market the Tesla Model S and Model X vehicles without disclosing said flaws despite this knowledge.

## FIRST CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
*(California Subclass)*

67.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

68.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of California Subclass.

69.    Tesla provided all nationwide purchases and lessees of the Class Vehicles with the 48 months or 50,000-mile warranty against defects in materials or workmanship ("Warranty").

70.    Said Warranty was provided in consideration for the lease/purchase of the Class Vehicles, became part of the basis of the bargain, because it was incorporated into the lease/purchase agreements of all Class Vehicles.

71.    Plaintiffs and the Class Members learned about the existence of such Warranty pre-purchase/pre-lease, and as reasonable persons, relied on the existence of such warranty. Plaintiffs' and Class Member's conduct of purchasing/leasing Class Vehicles is in accordance with their reliance on said Warranty.

72.    The regenerative braking/regen control defect complained herein is a defect in materials and/or workmanship and is covered under the Warranty. Applying any warranty

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

limitation period to avoid the need to repair this particular defect would be unconscionable in that, *inter alia*, the vehicles at issue contain a defect at the time of delivery, Tesla was either aware of or consciously and/or recklessly disregarded this defect which could not be discovered by Plaintiffs and members of the class at the time of such purchase or lease, and purchasers or lessees lacked any meaningful choice with respect to the warranty terms.

73. Plaintiffs and the Class Members substantially performed all of their obligations under the Warranty, by presenting the Vehicles to authorized Tesla repair facilities during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

74. Defendants have and continue to breach said express warranties by failing to repair the defects in materials and workmanship in the regenerative braking system.

75. Furthermore, Tesla represented that Tesla Model S and Model X vehicles were equipped with tested and validated regen control system that eliminated the possibility of loss of stability due to regenerative braking.

76. Tesla's representations about the regen control on Tesla Model S and Model X vehicles were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create reliance.

77. Tesla's representations about the regen control on Tesla Model S and Model X vehicles, thus created express warranties that the Tesla Model S and Model X vehicles would contain an effective regen control system.

78. Tesla breached the express warranties by selling Tesla Model S and Model X vehicles, which lack an effective regen control system; by failing to repair/fix the flaws in the regen control system through over-the-air updates and in-store; and by failing to repair/fix the flaws in the regenerative braking system through over-the-air updates and in-store.

79. Tesla's breach caused injury to Plaintiffs and putative Class Members, because Plaintiffs and putative Class Members did not get the benefit of their bargain, which included, *inter alia*, an effective regen control system.

80.    Defendants have and continue to breach their express warranties as alleged herein, because Tesla Model S and Model X vehicles lack an effective regen control system at the time of sale; because Tesla fails to repair/fix the flaws in the regen control system through over-the-air updates and in-store; because Tesla fails to repair/fix the flaws in the regenerative braking system through over-the-air updates and in-store.

81.    As a result of Defendants' breach of express warranties as set forth above, Plaintiffs and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
*(California Subclass)*

82.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

83.    Plaintiffs bring this cause of action on behalf of themselves sand on behalf of California Class.

84.    The Tesla Model S and Model X vehicles are manufactured goods.

85.    The transactions by which the putative class members purchased the Tesla Model S and Model X vehicles were transactions for the sale of goods and at all times relevant, Tesla was the seller of Tesla Model S and Model X vehicles and placed these products into the stream of commerce throughout the United States, including California.

86.    Plaintiffs and putative class members purchased Tesla Model S and Model X vehicles from Tesla stores.

87.    Tesla Model S and Model X vehicles came with an implied warranty that the Tesla Model S and Model X vehicles and any parts thereof were merchantable, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Tesla.

88.    The Tesla Model S and Model X vehicles, however, were non-conforming

goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description and/or did not conform to the affirmations of fact disseminated by Tesla because they lacked an effective regen control system.

89.    The Tesla Model S and Model X vehicles, at all times relevant herein were not the same quality as those generally accepted in the trade, because other local and national businesses selling similar products to the same market have implemented safety features that actually eliminate the possibility of loss of control while the regenerative braking is used.

90.    The Tesla Model S and Model X vehicles, at all times relevant herein, were of poor or below average quality within the description of electric vehicles with a regenerative braking feature, provided by Tesla.

91.    Tesla Model S and Model X vehicles, at all times relevant herein, did not and do not have the quality that a buyer would reasonably expect.

92.    As a direct and proximate result of the foregoing, Plaintiffs and all the other Putative Class Members sustained loss and damage and did not receive the benefit of their bargain.

## THIRD CAUSE OF ACTION
### BREACH OF WARRANTY
### SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE § 1790 *ET SEQ.*
*(California Subclass)*

93.    Plaintiffs re-allege and incorporate by reference as fully set forth herein, all paragraphs of Plaintiffs' Complaint.

94.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of California Sub-Class against all Defendants.

95.    The transactions by which the Putative Class Members purchased the Class Vehicles were transactions for the sale of goods and at all times relevant, Defendants were manufacturers, distributors, and/or designers of Class Vehicles and placed these products

-19-

into the stream of commerce throughout the United States, including California.

96. Defendants were at all relevant times, jointly and severally, the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles. Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased.

97. The Class Vehicles are manufactured goods.

98. Class Vehicles came with an implied warranty that the Class Vehicles and any parts thereof are merchantable and fit for the ordinary purpose for which they were leased/purchased, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Tesla specifically that items in its packages for specific vehicles were safe, warranty materials, and more generally in its product inserts, it provided along with the lease/sale of the Class Vehicles.

99. The regenerative braking defect in the Class Vehicles renders them non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were not fit for the ordinary purposes for which the goods are used, were of poor or below average quality within the description and/or did not conform to the affirmations of fact made by Tesla in its labeling, product inserts and/or warranty materials it provided along with the lease/sale of the Class Vehicles.

100. The Subject Vehicles, at all times relevant herein, were and are not fit for the ordinary purposes for which the goods are used, namely as a reasonably safe means of transportation, because the defective regenerative braking poses an unreasonable safety risk to Putative Class Members and passenger(s) of Class Vehicles when they operate the vehicles in winter or rainy conditions to use them for their ordinary purposes.

101. Class Vehicles, at all times relevant herein, did not and do not have the quality that a buyer/lessee would reasonably expect.

102. Tesla advertised the safety of the regenerative braking system and/or the safety and reliability of Tesla vehicles through various means to Plaintiffs and Putative Class Members with an intent to sell Class Vehicles.

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

103.    Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets, and other writings disseminated by Tesla in the promotion, marketing, and sales of the Class Vehicles constitute an express warranty and/or warranties to Plaintiffs and the Putative Class Members.

104.    Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets and other writings disseminated by Tesla in promotion, marketing and sales of the Class Vehicles regarding the safety and reliability of Vehicles and the safety and reliability of the regenerative braking system were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create reliance.

105.    Tesla breached the express warranty by failing to make the regenerative braking system safe and reliable as it was described.

106.    Tesla's breach caused injury to Plaintiffs and Putative Class Members, because Plaintiffs and Putative Class Members did not get the benefit of their bargain, which included, *inter alia*, a safe and reliable vehicle.

107.    Plaintiffs and the Class Members substantially performed all of their obligations under the warranty, by presenting the Vehicles to authorized Tesla repair facilities during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

108.    Plaintiffs discovered the defect in the regenerative braking system on the Class Vehicles when Plaintiff Roy Wiseman was involved in an accident due to defects in the regenerative braking and regen control systems. Plaintiffs notified Tesla within a reasonable time after the accident that the product did not have the expected quality and contained the defects as alleged herein. Tesla has failed and refused to take any action to date.

109.    At all times relevant, Tesla has failed and/or refused to repair the defects in the regenerative braking system of Class Vehicles.

110.    As a direct and proximate result of the foregoing, Plaintiffs and all the other

Putative Class Members sustained significant loss and damage, including but not limited to reduced fair market value and did not receive the benefit of their bargain: they purchased a vehicle, which was unusable due to the safety risks it posed, instead of purchasing a vehicle from a competitor of Tesla that did not pose such safety risks.

## FOURTH CAUSE OF ACTION
### BREACH OF WARRANTY
### MAGNUSON-MOSS WARRANTY ACT, 15 U. S. C. § 2301 ET SEQ.
#### (National Class)

111.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

112.    The Subject Vehicles and respective regenerative braking system on the Subject Vehicles are "consumer products" as that term is defined by 15 U. S. C. § 2301(1).

113.    Plaintiffs and Class Members are "consumers" as that term is defined by 15 U. S. C. § 2301(3).

114.    Tesla is a "supplier" as that term is defined by 15 U. S. C. § 2301(4).

115.    Tesla is a "warrantor" as that term is defined by 15 U. S. C. § 2301(5).

116.    Tesla provided Plaintiffs and Class members with "written warranties" as that term is defined by 15 U. S. C. § 2301(6).

117.    The amount in controversy of the Plaintiffs' individual claim meets or exceeds the value of $25.00.  In addition, the amount in controversy meets or exceeds the value of $75,000.00 (exclusive of interests and costs) computed on the basis of all claims to be determined in the suit.

118.    Section 15 U. S. C. § 2310(d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state or in an appropriate District Court of the United States.

119.    Tesla made statements in its advertising, promotion, marketing and sales of the

Subject Vehicles, and by operation of law, constitute implied warranties that these vehicles are merchantable and fit for their intended purpose.

120.    At all times relevant, Defendants had reason to know at the time of the lease/sale and delivery of the Subject Vehicles that they were required for a particular purpose, namely as means of safe transportation on the roads and highways of California and throughout the United States on the daily basis, and the regenerative braking system was meant to re-charge the batteries of the Class Vehicles without risk or danger of losing stability, or placing consumers at increased risk of automobile collisions.

121.    The consumers' reasonable expectation was that the Subject Vehicles would function without an increased risk of car accidents, and that the purchasers, owners and/or lessees were relying on the manufacturer's skill and judgment to develop, design, manufacture, distribute, and sell a vehicle with a suitable regenerative braking system.

122.    Tesla advertised the safety and reliability of the regenerative braking system and/or the safety of Tesla vehicles through various means to Plaintiffs and Putative Class Members with an intent to sell Class Vehicles.

123.    Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets, and other writings disseminated by Tesla in the promotion, marketing, and sales of the Class Vehicles constitute an express warranty and/or warranties to Plaintiff and the Putative Class Members.

124.    Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets and other writings disseminated by Tesla in promotion, marketing and sales of the Class Vehicles regarding the safety and reliability of Vehicles and the safety and reliability of the regenerative braking system were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create a reliance.

125.    Tesla breached the express warranty by failing to make the regenerative braking system safe and reliable as it was described.

126.    Tesla's breach caused injury to Plaintiffs and Putative Class Members, because

-23-

Plaintiff sand Putative Class Members did not get the benefit of their bargain, which included, *inter alia*, a safe and reliable vehicle.

127.     Defendants breached these implied warranties by offering, selling or leasing the Subject Vehicles that, by their design and construction, contained defects that made the regenerative braking inherently dangerous. Tesla also breached these warranties by failing to warn Plaintiffs and the Class Members of the defects as alleged herein, which were, at all relevant times known to Tesla.

128.     Plaintiffs and the Class Members substantially performed all of their obligations under the warranty, by presenting the Vehicles to authorized Tesla repair facilities during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

129.     Plaintiffs discovered the defect in the regenerative braking system on the Class Vehicles when Plaintiff Roy Wiseman was involved in an accident due to defects in the regenerative braking and regen control systems. Plaintiffs notified Tesla within a reasonable time after the accident that the product did not have the expected quality and contained the defects as alleged herein. Tesla has failed and refused to take any action to date.

130.     At all times relevant, Tesla has failed and/or refused to repair the defects in the regenerative braking system of Class Vehicles.

131.     As a direct and proximate result of the foregoing, Plaintiffs and all the other Putative Class Members sustained significant loss and damage, including but not limited to reduced fair market value and did not receive the benefit of their bargain:  they purchased a vehicle, which was unusable due to the safety risks it posed, instead of purchasing a vehicle from a competitor of Tesla that did not pose such safety risks.

-24-

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

# FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT
*(National Class)*

132.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

133.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of National Class, including all subclasses.

134.    Plaintiffs and putative class members entered into valid contracts and paid sufficient consideration to purchase Tesla Model S and Model X vehicles from Defendants.

135.    Plaintiffs and the Class Members substantially performed all of their obligations under the contracts.

136.    Defendants materially breached the contracts for sale of Tesla Model S and Model X vehicles by failing to deliver merchantable vehicles.

137.    As a direct and proximate result of the foregoing, Plaintiffs and all the other putative class members sustained loss and damage and did not receive the benefit of their bargain.

# SIXTH CAUSE OF ACTION
### COMMON LAW FRAUD
*(National Class)*

138.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

139.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of National Class, including all subclasses.

140.    Defendants represented that they were selling Tesla Model S and Model X vehicles equipped with safe regenerative braking system and a tested and validated regen control stability system to Plaintiffs and putative class members.

141.    Defendants knew that the Tesla Model S and Model X vehicles lacked a safe

regenerative braking system and a tested and validated regen control stability system.

142.    Defendants made said representation to Plaintiffs and putative class members with an intent to induce Plaintiffs and putative class members to purchase Tesla Model S and Model X vehicles.

143.    Defendants' representation was material, because it related to the safety of Class Products and because reasonable consumers are likely to be influenced by the lack or presence of effective vehicle stability systems in deciding whether to purchase these products.

144.    Plaintiffs and putative class members reasonably and justifiably relied on Defendants' representation that they were selling Tesla Model S and Model X vehicles equipped with a safe regenerative braking system and a tested and validated regen control stability system.

145.    In reliance on Defendants' representation, Plaintiffs and putative class members purchased the Tesla Model S and Model X vehicles.

146.    As a direct and proximate result of the foregoing, Plaintiffs and putative class members were damaged because they would not have purchased the Tesla Model S and Model X vehicles had they known that those representations about the vehicles were false.

## SEVENTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION
*(National Class)*

147.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

148.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of National Class, including all subclasses.

149.    Defendants intentionally represented that they were selling Tesla Model S and Model X vehicles with safe regenerative braking system and a tested and validated regen control stability system to Plaintiffs and putative class members.

150.    Defendants knew that the Tesla Model S and Model X vehicles lacked safe regenerative braking system and a tested and validated regen control stability system.

151.    Defendants made the representation to Plaintiffs and putative class members with an intent to induce Plaintiffs and putative class members to purchase Tesla Model S and Model X vehicles.

152.    Defendants' representation was material, because it related to the safety of Class Vehicles and because reasonable consumers are likely to be influenced by the lack or presence of effective vehicle stability systems in deciding whether to purchase these products.

153.    Plaintiffs and putative class members reasonably and justifiably relied on Defendants' representation regarding the Tesla Model S and Model X vehicles.

154.    In reliance on Defendants' representation, Plaintiffs and putative class members purchased the Class Products.

155.    As a direct and proximate result of the foregoing, Plaintiffs and putative class members were damaged because they would not have purchased the Tesla Model S and Model X vehicles had they known that Defendants' representations were false.

## EIGHTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

*(National Class)*

156.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

157.    Plaintiffs bring this cause of action on behalf of themselves and on behalf of National Class, including all subclasses.

158.    Defendants represented that they were selling Tesla Model S and Model X vehicles with safe regenerative braking system and a tested and validated regen control stability system to Plaintiffs and putative class members.

159.    Defendants had no reasonable grounds to believe that the Class Products

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

contained safe regenerative braking system and a tested and validated regen control stability system.

160.     Defendants intended for Plaintiffs and putative class members to rely on their representations about their products.

161.     Defendants' representation was material, because it related to safety of vehicles and because reasonable consumers are likely to be influenced by the lack or presence of vehicle stability systems in deciding whether to purchase these products.

162.     Plaintiffs and putative class members reasonably and justifiably relied on Defendants' representation regarding the Tesla Model S and Model X vehicles.

163.     In reliance on Defendants' representation, Plaintiffs and putative class members purchased the Class Products.

164.     As a direct and proximate result of the foregoing, Plaintiffs and putative class members were damaged because they would not have purchased the Class Products had they known Defendants' representations were false.

## NINTH CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
### BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.
*(California Class)*

165.     Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

166.     Plaintiffs bring this claim on behalf of themselves, California Class, and the general public in their representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

167.     Plaintiffs assert these claims as they are representatives of an aggrieved group and as a private attorneys general on behalf of the general public and other persons who

have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq.*

168.    Plaintiffs have standing to bring this claim on behalf of himself and others similarly situated pursuant to California Business and Professions Code § 17200 *et seq,* because Plaintiffs suffered injury-in-fact, *inter alia,* because they would not have purchased the Subject Vehicle had they known that the Tesla Model S and Model X vehicles did not contain safe regenerative braking system and a tested and validated regen control stability system, or would have paid less for the Subject Vehicle.

169.    Tesla had exclusive knowledge of the fact that Tesla Model S and Model X vehicles did not contain a safe regenerative braking system and a tested and validated regen control stability system.

170.    The lack of a safe regenerative braking system and a tested and validated regen control stability system in Tesla Model S and Model X vehicles is material as alleged herein.

171.    Tesla had a duty to disclose the lack of a safe regenerative braking system and a tested and validated regen control stability system in Tesla Model S and Model X vehicles as alleged herein.

172.    Tesla did not disclose the lack of safe regenerative braking system and a tested and validated regen control stability system in Tesla Model S and Model X vehicles as alleged herein.

173.    Tesla actively concealed the lack of a safe regenerative braking system and a tested and validated regen control stability system from Plaintiffs and the Putative Class Members.

174.    Tesla intended to deceive Plaintiffs and Class Members by concealing the lack of safe regenerative braking system and a tested and validated regen control stability system, motivated by market share and profit margin.

175.    At all relevant times herein, Tesla affirmatively represented that Tesla Model S

and Model X vehicles have safe regenerative braking system and a tested and validated regen control stability system, and intentionally failed to include those systems in Class Vehicles.

176.    At all times relevant herein, Tesla displayed said misrepresentations on their website, on in-store banners, screens, advertisements, and elsewhere.

177.    Ordinary consumers would not have recognized the fact that the Tesla Model S and Model X vehicles lacked safe regenerative braking system and a tested and validated regen control stability system, because of Tesla's misrepresentations. Thereby, consumers were likely to be deceived.

178.    Plaintiffs and Class Members relied on Tesla' nondisclosure and affirmative misrepresentations and purchased the Tesla Model S and Model X vehicles and were damaged as alleged herein.

179.    Tesla's conduct, as fully described herein, constitutes acts of untrue and misleading advertising and is, by definition, violation of California Business and Professions Code § 17200 *et seq.*  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

180.    These advertisements, due to the national scope and extent of Defendants multi-media campaign, were uniformly made to all members of the class. Class members' acts of purchasing the Tesla Model S and Model X vehicles were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue, or the benefit of the bargain, which was material; had Plaintiff and the putative class known differently as to the lack of safe regenerative braking system and a tested and validated regen control stability system in Tesla Model S and Model X vehicles they would not have purchased the Tesla Model S and Model X vehicles.

181.    Tesla's misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave these Defendants an unfair competitive advantage over their competitors.

182. On the basis of balancing the welfare of the community and public interest, the utility to Tesla is *de minimus*, so that the conduct of Tesla is morally reprehensible, unethical and unscrupulous. Tesla's practice is offensive to public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

183. The acts, omissions, misrepresentations, practices and non-disclosures of Defendants as alleged herein constitute unlawful, unfair and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

184. The acts, omissions, misrepresentations, practices, non-disclosures and/or concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the United States and in California.

185. The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Tesla, as fully described herein, present a continuing injury to Plaintiffs and putative class members as alleged herein.

186. As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiffs and others similarly situated who purchased the Tesla Model S and Model X vehicles.

187. Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiffs seek an order of this Court enjoining Tesla from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL.

188. In addition to the relief requested in the Prayer below, Plaintiffs seek the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

# TENTH CAUSE OF ACTION

VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"),
CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 ET SEQ.
*(California Class)*

189.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

190.    Plaintiffs bring this claim on behalf of themselves, California Class, and the general public in their representative capacity as a private attorneys general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17500 *et seq.* ("FAL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

191.    FAL makes it unlawful for any person, firm, corporation or association, or any employee thereof, with intent directly or indirectly to dispose of personal property to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any advertising device, or by public outcry or proclamation, or in any other manner or means whatever any statement, concerning that real or personal property which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

192.    Defendants are persons, firms, corporations or associations, or employees of thereof.

193.    Tesla Model S and Model X vehicles are personal property.

194.    Defendants made statements to the public, including Plaintiffs and putative class members, concerning the Class Products, stating that Class Products contained safe regenerative braking system and a tested and validated regen control stability system, with an intent to dispose of the Class Products.

195.    Said statement regarding the Class Products was untrue or misleading.

196.    Said statement was known by Defendants to be untrue, or by the exercise of

-32-

reasonable care should have been known to be untrue or misleading.

197.   Defendant, thus, violated and continues to violate FAL, has, and continues to obtain money from Plaintiffs and putative class members.

198.   Plaintiffs request restitution of the moneys paid by them and putative class members, disgorgement of profits made by Defendants as a result of the foregoing.

## ELEVENTH CAUSE OF ACTION
### QUASI CONTRACT/RESTITUTION/UNJUST ENRICHMENT
### *(National Class)*

199.   Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

200.   Plaintiffs bring this cause of action on behalf of themselves and on behalf of National Class, including all classes.

201.   Defendants intentionally and recklessly made misrepresentations and concealed facts about the Class Products to Plaintiffs and the putative class members with an intent to induce them to purchase Class Products.

202.   In reliance on Defendants' misrepresentations and concealment, Plaintiffs and the putative class members, believed that Class Vehicles contained a safe regenerative braking system and a tested and validated regen control stability system.

203.   Plaintiffs and the putative class members made monetary payments to Defendant Tesla to purchase the Class Products.

204.   Defendants were unjustly enriched by any payments Plaintiffs and the putative class members made to Defendants that resulted from the misrepresentations and concealment.

205.   Therefore, Plaintiffs and the putative class members are entitled to restitution based on the quasi contract between Plaintiffs and the putative class members and Defendants, and each of them.

# PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, and also on behalf of the general public, pray for judgment against all Defendants as follows:

    A.  An order certifying the Class, sub-classes and appointing Plaintiffs and their counsel to represent the Class and sub-Classes;

    B.  For actual damages, if adequate;

    C.  For any additional and consequential damages suffered by Plaintiffs and the Class;

    D.  For restitution, as appropriate;

    E.  For statutory pre-judgment interest;

    F.  For reasonable attorneys' fees and the costs of this action;

    G.  For an order enjoining Defendants from selling defective Tesla Model S and Model X vehicles;

    H.  For an order enjoining Defendants from making false representations about Tesla Model S and Model X vehicles.

    I.  For declaratory and/or equitable relief under the causes of action stated herein; and

    J.  For such other relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.

# DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for themselves and the Class on all claims so triable.

Dated this 28th day of June, 2017.

THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203

By:  /s/ Hovanes Margarian
Hovanes Margarian, Esq.
Attorney for Plaintiffs,
and all others similarly situated.

CLASS ACTION COMPLAINT
ROY WISEMAN AND MARITES WISEMAN V. TESLA, INC., ET AL.